UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 08 2013 ★

LONG ISLAND OFFICE

TROY C. WALLACE ET AL.,

    Plaintiffs,

    – against –

STATE OF NEW YORK ET AL.,

    Defendants.

ORDER
12-CV-5866 (JFB) (WDW)

------------------------------------X

SANTIAGO PENA MARVIN,

    Plaintiff,

    – against –

COUNTY OF SUFFOLK ET AL.,

    Defendants.

ORDER
13-CV-0154 (JFB) (WDW)

------------------------------------X

JOSEPH F. BIANCO, District Judge:

    By letter dated March 7, 2013, counsel for the County defendants requested that 12-CV-5866 and 13-CV-0154 be consolidated. The complaints in both actions were brought by homeless sex offenders who utilized temporary and emergency housing in the Suffolk County DSS's overnight placement facilities in Riverhead and/or Westhampton, alleging violations of their constitutional rights under 42 U.S.C. § 1983. Specifically, the plaintiffs in both actions complain of the defendants' enforcement of residency restrictions which they allege are preempted under state law.

    Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether

circumstances giving priority to the second." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp.2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); *accord Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. *See Adam*, 950 F.2d at 92; *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80; *Kellen*, 54 F. Supp. 2d at 221.

Here, plaintiffs in both actions have brought complaints related to the constitutionality of certain residency restrictions. There are numerous common issues of law and fact between the two cases. *See Johnson*, 899 F.2d at 1284; *Devlin*, 175 F.3d at 130. The fact that plaintiffs in this action have sought to overturn an additional law, the New York Sex Offender Registration Act, Correction Law Article 6-C § 168 *et seq.* (also known As Megan's Law), as *ex post facto* punishment does not bar consolidation. *See Kaplan*, 240 F.R.D. at 91. Moreover, the fact that there are some different parties in the two actions does not mean that the cases should not be consolidated. *See Werner*, 797 F. Supp. at 1211. Rather, the Court, in its discretion, has determined that these differences, given the common questions of law and fact in both cases, do not outweigh the interests of judicial economy served by consolidation. Accordingly,

IT IS HEREBY ORDERED that 12-CV-5866 and 13-CV-0154 shall be consolidated. The clerk of the court shall close 13-CV-0154 and docket all orders in either case under 12-CV-5866, the first-filed lawsuit.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 8, 2013
Central Islip, New York